UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATMEH FARAJ,

  Plaintiff,

v

STANLEY BLACK & DECKER, INC.,
A Connecticut corporation

  Defendants.

Case No. 2:17-cv-13503

Hon.

| | |
|---|---|
| Craig E. Hilborn (P43661) | David T. Bowen (P69682) |
| Tyler M. Joseph (P80934) | **Bowen, Radabaugh & Milton, P.C.** |
| Hilborn & Hilborn, P.C. | **Attorney for Defendant** |
| Attorneys for Plaintiff | 4967 Crooks Rd., Ste. 150 |
| 999 Haynes St., Ste. 205 | Troy, MI 48098 |
| Birmingham, MI 48009 | 248-641-8000 |
| (248) 642-8350 | DTBowen@brmattorneys.com |
| craig@hilbornlaw.com | |
| tyler@hilbornlaw.com | |

## NOTICE OF REMOVAL

  NOW COMES the above-named Defendant, Stanley Black & Decker, Inc., by and through their attorneys, Bowen Radabaugh & Milton, P.C., and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of removal, Defendant states as follows:

  1. There is no pending in the Wayne County Circuit Court Case No. 17-011076-NP, a civil action in which Fatmeh Faraj is the plaintiff.

  2. Defendant Stanley Black & Decker, Inc., is a Connecticut corporation with principal place of business and residence is the State of Connecticut.

  3. This is a products liability action and based upon the plaintiff alleging severe and permanent disfigurement resulting from lacerations, pain and suffering, emotional anguish,

shock to the nervous system, past and future medical expenses, and other damages, the amount in controversy involved excluding interest and costs exceeds the sum of $75,000.00.

    4.    The action involves a controversy between citizens of different states.

        a.    Plaintiff is a resident of the City of Dearborn Heights, County of Wayne, State of Michigan.

        b.    Stanley Black & Decker, Inc., is a corporation created and organized under the laws of the State of Connecticut, with its principal place of business in New Britain, Connecticut, and it was and is a citizen of the State of Connecticut.  It was not and is not a corporation created or existing under the laws of the State of Michigan and is not a citizen or resident of the State of Michigan.

        c.    Stanley Black & Decker, Inc., does not have its principal place of business in the State of Michigan.

    5.    The District Court of the United States is given original jurisdiction of this action pursuant to 28 U.S.C. § 1332.  Removal is being sought pursuant to 28 U.S.C. § 1441.

    6.    This notice is being filed with the Court within thirty (30) days of receipt by the Defendant of the initial pleading.  Defendant was served with the initial pleading on or about October 2, 2017.  **Attached as Exhibit A.**

    7.    A true and correct copy of this notice will be filed with the Clerk for the County of Wayne as provided by law.

    8.    A copy of all pleadings served upon Defendant is being filed with this Notice of Removal.  **Exhibit A.**

WHEREFORE, Defendant Stanley Black & Decker, Inc., respectfully request this matter be removed from Wayne County Circuit Court to this Court.

        Respectfully submitted,

        BOWEN, RADABAUGH & MILTON, P.C.
        Attorneys for Defendant

        /s/*David T. Bowen*_____
        David T. Bowen P69682
        4967 Crooks Rd., Ste. 150
        Troy, MI   48098
        248/641-8000
        DTBowen@brmattorneys.com

October 27, 2017

**Proof of Service**

I certify that on October 27, 2017, the foregoing paper was electronically served upon all attorneys of record using this court's e-filing/e-serve system.

/s/ *Pamela Bodeep*_____

# EXHIBIT A

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>17-011076-NP<br>Hon. Martha M. Snow |
|---|---|---|

2 Woodward Ave., Detroit MI 48226  Court Telephone No. 313-224-5243

| **Plaintiff**<br><br>Faraj, Fatmeh | v | **Defendant**<br><br>Stanley Black & Decker, Inc. |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Tyler Michael Joseph 80934<br>999 Haynes St Ste 205<br>Birmingham, MI 48009-6775 | | **Defendant's Attorney** |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>7/24/2017 | This summons expires<br>10/23/2017 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>City of Dearborn Hts., County of Wayne, State of MI | Defendant(s) residence (include city, township, or village)<br>State of Connecticut |
|---|---|
| Place where action arose or business conducted<br>City of Dearborn Hts., County of Wayne, State of MI | |

9/27/2017
Date                    Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | PROOF OF SERVICE | CASE NO<br>17-011076-NP |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date
My commission expires: _____ Signature: _____
                       Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
              Day, date, time
_____ on behalf of _____
Signature

JF

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

FATMEH FARAJ,

    Plaintiff,

Case No. 17-       -NP
Hon.

v.

STANLEY BLACK & DECKER, INC.,
a Connecticut corporation,

    Defendants,

17-011076-NP
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/24/2017 4:05:11 PM
CATHY M. GARRETT

___

CRAIG E. HILBORN (P43661)
TYLER M. JOSEPH (P80934)
HILBORN & HILBORN, P.C.
Attorneys for Plaintiff
999 Haynes St., Ste. 205
Birmingham, MI 48009
(248) 642-8350
craig@hilbornlaw.com
tyler@hilbornlaw.com

___

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence as alleged
in the complaint.

NOW COMES, Plaintiff, Fatmeh Faraj, by and through her attorneys, Hilborn & Hilborn, P.C., and with her Complaint, states as follows:

1.    Plaintiff, Fatmeh Faraj, is a resident of the City of Dearborn Heights, County of Wayne, State of Michigan.

2.    Stanley Black & Decker, Inc. is a Connecticut corporation, with its registered agent as CSC Lawyers Incorporating Service at 601 Abbot Road, East Lansing, Michigan 48823.

3. That Stanley Black & Decker, Inc. conducts continuous and systematic business in the County of Wayne, State of Michigan.

4. That on July 10, 2016, Plaintiff was using a GH1000 Grasshog XP String Trimmer when it malfunctioned and severely injured her.

5. That on July 20, 2007, the U.S. Consumer Product Safety Commission and Black & Decker, Inc. issued a recall of the subject string trimmer.

6. That in August of 2009 Black & Decker reannounced the recall of the subject string trimmer.

7. That venue is proper in this Honorable Court.

8. That the amount in controversy in this matter is in excess of TWENTY FIVE THOUSAND and 00/100 ($25,000.00) DOLLARS, exclusive of costs, interest and attorney fees.

9. That this Honorable Court has personal jurisdiction over Defendants herein.

10. That this Honorable Court has subject matter jurisdiction.

## COUNT I
## NEGLIGENT PRODUCTION

19. Plaintiff restates the above paragraphs as if fully set forth herein.

20. Defendant owed a duty to Plaintiff to place a reasonably safe string trimmer into the stream of commerce free of defects.

21. Defendant negligently designed, tested, approved, manufactured, and "produced" the string trimmer in that it failed to exercise reasonable care to prevent the string trimmer from creating an unreasonable risk of harm to a person who might

reasonably be expected to use it in an expected or reasonably foreseeable manner in one or more of the following ways:

    a.    By "producing", assembling, specifying, designing and/or manufacturing a string trimmer that contained manufacturing, installation, assembly, design and/or "production" defects that caused the injuries to Plaintiff.

    b.    By negligently failing to adequately test and failing to use adequate quality control procedures to alert it to manufacturing and or "production" defects.

    c.    Other acts of negligence that may become known through the course of discovery.

22. Defendant expected the string trimmer to reach, and it did reach, the consumer without substantial change to the condition in which Defendant produced and sold it.

23. That as a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of Defendant, Plaintiff has suffered and will continue to suffer in the future, the following damages: severe and permanent disfigurement resulting from lacerations, pain and suffering, emotional anguish, shock to the nervous system, past and future medical expenses, and any other damages incidental to her injuries.

WHEREFORE, Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) against Defendant. Additionally, Plaintiff asks for costs of this action, all prejudgment and post-judgment interest as provided by law, and such other relief as the Court deems appropriate.

## COUNT II
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

24. Plaintiff restates the above paragraphs as if fully set forth herein.

25. Defendant knew or had reason to know the particular purposes for which the string trimmer was to be used and that purchasers and users such as Plaintiff would rely on Defendant's skill or judgment in designing, testing, manufacturing, installing and/or furnishing goods suitable for such purposes and uses.

26. The string trimmer was not fit for the particular purposes for which it was intended and for which it was used.

27. The defective condition of the string trimmer constitutes a breach by Defendant of express or implied warranties, rendering them liable for the injuries sustained by the Plaintiff.

28. That as a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of the Defendant, Plaintiff has suffered and will continue to suffer in the future, the following damages: severe and permanent disfigurement resulting from lacerations, pain and suffering, emotional anguish, shock to the nervous system, past and future medical expenses, and any other damages incidental to the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) against Defendants. Additionally, Plaintiff asks for costs of this action, all prejudgment and post-judgment interest as provided by law, and such other relief as the Court deems appropriate.

## COUNT III
## GROSS NEGLIGENCE

29. Plaintiff restates the above paragraphs as if fully set forth herein.

30. The string trimmer was defective at the time it was "produced".

31. Defendant had actual knowledge of the defect and of the substantial likelihood that the defect(s) would cause Plaintiff's injuries.

32. Defendant willfully disregarded that knowledge.

33. That as a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of the Defendant, Plaintiff has suffered and will continue to suffer in the future, the following damages: severe and permanent disfigurement resulting from lacerations, pain and suffering, emotional anguish, shock to the nervous system, past and future medical expenses, and any other damages incidental to the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) against Defendants. Additionally, Plaintiff asks for costs of this action, all prejudgment and post-judgment interest as provided by law, and such other relief as the Court deems appropriate.

## COUNT IV
## GROSS NEGLIGENCE/ACTUAL KNOWLEDGE

34. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

35. The string trimmer was defective at the time it was "produced".

36. Defendant had actual knowledge of the defect and of the substantial likelihood that the defect(s) would cause Plaintiff's injuries.

37. Defendant willfully disregarded that knowledge.

38. That as a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of the Defendant, Plaintiff has suffered and will continue to suffer in the future, the following damages: severe and permanent disfigurement resulting from lacerations, pain and suffering, emotional anguish, shock to the nervous system, past and future medical expenses, and any other damages incidental to the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) against Defendants. Additionally, Plaintiff asks for costs of this action, all prejudgment and post-judgment interest as provided by law, and such other relief as the Court deems appropriate.

## COUNT V
## FAILURE TO WARN

39. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

40. Defendant knew of or should have known of the risk of injury with respect to the foreseeable use and/or misuse of its product.

41. Defendant did not provide effective communication of adequate, accurate information essential to safe use of the product.

42. That as a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of the Defendant, Plaintiff has suffered and will continue to suffer in the future, the following damages: severe and permanent disfigurement resulting from lacerations, pain and suffering, emotional anguish, shock to the nervous

system, past and future medical expenses, and any other damages incidental to the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) against Defendants. Additionally, Plaintiff asks for costs of this action, all prejudgment and post-judgment interest as provided by law, and such other relief as the Court deems appropriate.

Respectfully submitted:

HILBORN & HILBORN, P.C.

/s/Tyler M. Joseph
CRAIG E. HILBORN (P43661)
TYLER M. JOSEPH (P80934)
Attorneys for Plaintiff
999 Haynes St., Ste. 205
Birmingham, MI 48009
(248) 642-8350

Dated: July 24, 2017

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

FATMEH FARAJ,

    Plaintiff,

Case No. 17-    -NP
Hon.

v.

STANLEY BLACK & DECKER, INC.,
a Connecticut corporation,

    Defendants,

---

CRAIG E. HILBORN (P43661)
TYLER M. JOSEPH (P80934)
HILBORN & HILBORN, P.C.
Attorneys for Plaintiff
999 Haynes St., Ste. 205
Birmingham, MI 48009
(248) 642-8350
craig@hilbornlaw.com
tyler@hilbornlaw.com

---

## JURY DEMAND

NOW COMES Plaintiff, Fatmeh Faraj, by and through her attorneys, Hilborn & Hilborn, P.C., and hereby demands trial by jury in the above captioned matter

    Respectfully submitted:

    HILBORN & HILBORN, P.C.

    /s/Tyler M. Joseph
    CRAIG E. HILBORN (P43661)
    TYLER M. JOSEPH (P80934)
    Attorneys for Plaintiff
    999 Haynes St., Ste. 205
    Birmingham, MI 48009
    (248) 642-8350

Dated: July 24, 2017